**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

FRANK BROWN                                                   PLAINTIFF

VS.                                           CIVIL ACTION NO: 4:09-CV-80-LRA

SHERIFF BILLY SOLLIE, ET AL                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Frank Brown, *pro se,* [hereinafter "Plaintiff"] and Attorney R. Mark Hodges, counsel for Defendants, appeared on November 9, 2009, before the undersigned United States Magistrate Judge for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a *Spears* hearing. The hearing was conducted in an attempt to insure the just determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties, District Judge Tom S. Lee entered an Order assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

**I.**     **Facts & Procedural History[1]**

Plaintiff was arrested by the Meridian Police Department on December 24, 2008. He was transferred to the Lauderdale County Detention Facility [LCDF] and was housed there until May 10, 2010. At that time, he was transported to the Central Mississippi Correctional Facility [CMCF] in Pearl, Mississippi.

Plaintiff contends that the dental care he received while housed at LCDF was constitutionally inadequate. Defendants have submitted copies of Plaintiff's medical

---

[1]The facts are taken primarily from Plaintiff's complaint, and his sworn testimony, and are presented in the light most favorable to Plaintiff. His medical and jail records have also been considered.

records, and these records have been considered by the Court in connection with Plaintiff's claims.[2]

Defendants accurately describe Plaintiff's claims by detailed references to Plaintiff's sworn testimony at the omnibus hearing. The following quotation from Defendants' Memorandum, ECF No. 33, p. 6-7, with transcript page numbers omitted, summarizes Plaintiff's claims:

> Plaintiff essentially described his claim as a delay in receiving dental treatment for loose teeth that were bothering him. Plaintiff alleged that each time he went to the medical station he was told "they do not transfer inmates to the dentist's office." Plaintiff testified that "a couple of weeks ago" he was taken to the dentist and the problem teeth were pulled. Plaintiff was satisfied with this treatment. Plaintiff was not permanently injured. Plaintiff was not aware of any personal involvement by Sheriff Sollie or Major Frazier regarding his medical care, but alleged that each of them did not answer his complaint. Plaintiff claimed that nurses at the LCDF told him the jail officers do not transport prisoners to the dentist. Plaintiff admitted that he received Orajel, pain medication, and antibiotics for his dental problems at the LCDF. Plaintiff disagrees with the treatment he was provided and thought that he should have been taken to the dentist earlier.

Plaintiff's medical records confirm that he received treatment for his dental problems. Defendants summarize the medical care he received in their Memorandum, ECF No. 33, pp. 3-4. Brown complained on April 18, 2009, of tooth pain, and was seen by Nurse Sheila Hanlin on April 19, 2009. She examined him and arranged for him to receive Ibuprofen and Orajel for his symptoms. On April 21, 2009, Nurse Terri Stewart again saw Plaintiff for his complaints of tooth pain. He told her that he still had pain, and Nurse Stewart arranged for him to receive Amoxicillin, an antibiotic.

On April 23, 2009, Plaintiff was treated by Dr. Walter Gipson for an unrelated medical condition. Plaintiff told him about his tooth pain, and Dr. Gipson directed that he continue the treatment arranged by the nurses. Between April 24, 2009, and June 12,

---

[2]ECF No. 32-4, Exhibit D to Motion for Summary Judgment.

2009, Plaintiff did not complain about tooth pain.   His antibiotic treatment ended on May 1, 2009.

After filing this lawsuit on June 17, 2009, Plaintiff completed a sick call slip indicating his tooth and mouth were hurting and bleeding.  Nurse Pigford saw him the same day of his complaint, July 22, 2009; she administered Back-Quell for pain relief and provided for him to receive Ibuprofen and Amoxicillin.  She also instructed him as to how to use epsom salt rinses to help his soreness.  Plaintiff's sore teeth were eventually pulled by a dentist.

Defendants are Sheriff Billy Sollie and Major Phillip Frazier.  The "Nurse Defendants" are Teri Stewart, Bertha Pigford, Roy McKenzie, and Sheila Hanlin.

**II**.   **Standard**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a  defendant who is immune from such relief."  A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to his case.

**III.**   **Analysis**

Deliberate indifference to a prisoner's serious medical needs is an actionable Eighth Amendment violation under §1983.  *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976).[3]  The standard for finding "deliberate indifference is a subjective inquiry."

---

[3]The Court finds that the result in this case would not differ whether Plaintiff was treated as a pretrial detainee or as a convicted felon.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conduct must result in "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1997). Plaintiff must show that these Defendants were actually aware of a risk of harm to him, yet consciously disregarded or ignored it. *Id.*

In *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" "Deliberate indifference 'is an extremely high standard to meet.'"

*Id.* at 346 (citations and footnotes omitted).

A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2010); *Norton v. Dimaza,* 122 F.3d 286, 292 (5th Cir. 1997).

The law does not provide a remedy for Plaintiff under the circumstances he has stated. Defendants have not refused to treat Plaintiff, or ignored his complaints, or intentionally treated Plaintiff incorrectly. Brown's actual complaint is that he should have been taken to the dentist for his tooth to be removed earlier; the Nurse Defendants should not have treated him. It is not enough if Plaintiff could show they were *negligent* by delaying the removal of his bad tooth. This is a case wherein Plaintiff *disagrees* with

the manner in which Defendants treated his medical condition--- these types of cases do not rise to the level of constitutional violations.[4]  Defendants treated his tooth in a conservative manner, and this treatment plan does not violate the Constitution.

Plaintiff concedes he was seen by the Nurse Defendants and by a physician while housed at LCDF when he complained of tooth pain.  This treatment prevents any finding that he has been mistreated or neglected by Defendants.  Plaintiff's jail medical records confirm that these Defendants treated Plaintiff on a regular basis; the fact that they did not do what he wanted does not negate this medical care.  None of the inactions described by Plaintiff are enough to show that these Defendants acted with subjective deliberate indifference to his serious medical needs.  As quoted above from *Gobert*, "deliberate indifference" is an extremely high standard to meet, and a prisoner's disagreement with his medical care does not ordinarily meet that standard.

In a case such as this, "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)).  The records in this case, as well as Plaintiff's own testimony, prove that these Defendant did not refuse to treat him nor did they ignore his complaints.  The *Gobert* standard simply cannot be met in this case, against any

---

[4]*See Norton,* 122 F.3d at 292 (affirming dismissal of suit as frivolous where prisoner claimed medical personnel should have tried different methods of diagnosis and treatment); *Street v. Corrections Corp. of America*, 102 F.3d 810, 816 n. 13 (6th Cir. 1996) (patient's disagreement with his physicians over the proper medical treatment alleges nothing more than a medical malpractice claim, and is not cognizable as a constitutional claim); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981)("a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a section 1983 claim"); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference).

Defendant, and the Court has no option but to dismiss Plaintiff's complaint on the merits of his claims.

## IV. Conclusion

The Court finds that Plaintiff's Complaint is frivolous[5] and fails to state a claim on which relief may be granted under 28 U.S.C. 1915(e)(2)(B). Defendants' Motion for Summary Judgment, ECF No. 32, is hereby granted, and the Complaint is dismissed. Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[6]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

IT IS, THEREFORE, ORDERED that Plaintiff's Complaint is dismissed with prejudice, and Final Judgment in favor of all Defendants shall be entered.

SO ORDERED, this the 2nd day of November, 2010.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[5] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See <u>Allison v. Kyle</u>, 66 F.3d 71, 73 (5th Cir. 1995).

[6] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.